**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **INNOVATIVE OFFICE PRODUCTS, LLC** | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: __:16-CV-_____ |
| **ESI ERGONOMIC SOLUTIONS, L.L.C.,** | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Innovative Office Products, LLC, by and through its undersigned counsel, states as its complaint for patent infringement against defendant ESI Ergonomic Solutions, L.L.C., the following:

**THE PARTIES**

1. Plaintiff Innovative Office Products, LLC ("Innovative") is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business at 100 Kuebler Road, Easton, Pennsylvania 18040.

2. On information and belief, Defendant ESI Ergonomic Solutions, L.L.C. ("ESI") is a limited liability corporation organized and existing under the laws of the state of Arizona, having a principal place of business at 4030 E. Quenton Drive, Mesa, Arizona 85215.

3. ESI is registered with the Pennsylvania Department of State ("PADOS") as a foreign business entity as Entity Number 4160447, and has provided an address to the PADOS of 116 Pine Street, Suite 320, Harrisburg, PA, 17101.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

5. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has general personal jurisdiction over ESI pursuant to 42 PA. CONS. STAT. § 5301(a)(2)(i) and FRCP Rule 4(e) because ESI is registered as a foreign entity with the PADOS. ESI registered with the PADOS on or about January, 22, 2013 as "ESI Ergonomic Solutions, LLC" (Entity Number 4160447) and this registration is currently "active" according to the PADOS website. When registering with the PADOS, ESI provided an address of 116 Pine Street, Suite 320, Harrisburg, PA 17101. See **Exhibit A**.

7. The Court has general personal jurisdiction over ESI pursuant to 42 PA. CONS. STAT. § 5308, 42 PA. CONS. STAT. § 5322 (the Pennsylvania Long-Arm Statute), and FRCP Rule 4(e) because ESI has continuous and systematic contacts with the Commonwealth of Pennsylvania and this judicial district.

8. In addition to the facts averred in paragraph 6 above, ESI is a registered participant of Pennsylvania's COSTARS program, a program whereby a supplier can bid to fulfill a contract placed by a Pennsylvania governmental entity, through the Pennsylvania Department of General Services ("PADGS"). A printout from the PADGS website showing that ESI is a registered vendor of the COSTARS program is attached hereto as **Exhibit B**, and a copy of a Bid Item Workbook completed by ESI and submitted to the PADGS is attached hereto as **Exhibit C**. The Bid Item Workbook establishes that ESI made its products and services available in a statewide service area (see page 3 of Exhibit C) and that ESI has in

excess of 50 authorized dealers of its products within the Commonwealth of Pennsylvania, including several vendors within this judicial district (see pages 4-19 of Exhibit C).

9. The Court has specific personal jurisdiction over ESI pursuant to 42 PA. CONS. STAT. § 5308, 42 PA. CONS. STAT. § 5322 (the Pennsylvania Long-Arm Statute), and FRCP Rule 4(e) because, based on information and belief, ESI has sufficient minimum contacts with the Commonwealth of Pennsylvania and this judicial district.

10. In addition to the facts averred in paragraphs 6 and 8 above, on information and belief, ESI regularly sells and/or offers for sale the Accused Products into Pennsylvania and this judicial district through the vendors set forth in Exhibit C (see pp. 4-19) and regularly ships and/or has shipped units of the Accused Products to said vendors.

11. In addition to the facts averred in paragraphs 6, 8, and 10 above, in or about September 2015 Innovative purchased a unit of the ESI EDGE2 product from ESI for inspection, and ESI shipped the product to Innovative within this judicial district.

12. The exercise of personal jurisdiction over ESI in this judicial district would comport with the Due Process Clause of the United States Constitution.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 1400(b) because, on information and belief, ESI: has transacted business within this judicial district, including selling, offering for sale, having sold, and/or shipping units of the Accused Products into this judicial district; has committed acts of infringement within this judicial district; and is subject to the court's personal jurisdiction with respect to the civil action in question.

14. This venue would not be excessively burdensome on the Defendant.

**THE PATENTS-IN-SUIT**

15.     United States Patent Number 6,505,988 (the "'988 Patent") is entitled "Tilter for Positioning Electronic Devices."  The '988 Patent was legally issued by the United States Patent and Trademark Office ("USPTO") on January 14, 2003 from U.S. Patent Application No. 09/406,530, filed on September 27, 1999.  A certificate of correction for the '988 Patent was issued by the USPTO on July 8, 2003.  The '988 Patent was subject to Reexamination Serial No. 90/008,747, filed July 3, 2007, and Ex Parte Reexamination Certificate No. 6,690 was issued by the USPTO on March 3, 2009.  True and correct copies of the '988 Patent, the Certificate of Correction, and Ex Parte Reexamination Certificate No. 6,690 are attached hereto as **Exhibit D**.

16.     United States Patent Number 6,955,328 (the "'328 Patent") is entitled "Arm Apparatus for Mounting Electronic Devices."  The '328 Patent was legally issued by the USPTO on October 18, 2005 from U.S. Patent Application No. 10/305,510, filed on Nov 27, 2002.  The '328 Patent was subject to Reexamination Serial No. 90/008,664, filed on May 25, 2007, and Ex Parte Reexamination Certificate No. 6,278 was issued by the USPTO on June 24, 2008.  True and correct copies of the '328 Patent and Ex Parte Reexamination Certificate No. 6,278 are attached hereto as **Exhibit E**.

17.     United States Patent Number 7,540,457 (the "'457 Patent") is entitled "Angled Mini Arm Having a Clevis Assembly."  The '457 Patent was legally issued by the USPTO on June 2, 2009 from U.S. Patent Application No. 11/141,348, filed on May 31, 2005.  A true and correct copy of the '457 Patent is attached hereto as **Exhibit F**.

18.     All maintenance fees have been timely paid for each of the '988 Patent, '328 Patent, and '457 Patent (collectively, "the Patents-in-Suit").

19. Innovative is the true and sole owner by assignment of each of the Patents-in-Suit and possesses all right, title, and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue ESI for infringement and recover past damages for said infringement.

20. Examples of Innovative's patent markings are attached as **Exhibit G**. Attached as **Exhibit H** is a printout of Innovative's posting on the Internet at http://www.lcdarms.com/ip, which is accessible to the public free of charge and which associates Innovative's patented articles with applicable patents owned by Innovative. The markings and posting described in this paragraph meet the marking requirements of 35 U.S.C. § 287(a).

21. ESI was provided with actual notice of the existence of the Patents-in-Suit and Innovative's belief that the Accused Products infringe the Patents-in-Suit in a cease and desist letter that was delivered to ESI on October 26, 2015. A copy of this cease and desist letter is attached hereto as **Exhibit I**.

## THE IOP PRODUCTS

22. The Patents-in-Suit relate to articulating monitor support arms and components therefor, including *et al.* components of the Model 7000 monitor arm manufactured by Innovative. The Accused Products (as defined below) compete in the monitor arm marketplace with Innovative's monitor arm products, including the Model 7000. Screenshots of Innovative's Model 7000 monitor arm from Innovative's website are attached hereto as **Exhibit J**.

## THE ACCUSED ESI PRODUCTS

23. Based on public information, ESI owns, operates, advertises on, and/or controls the website http://www.esiergo.com/ (the "ESI Website"), through which ESI sells, offers to

sell, advertises, provides information about, and/or educates customers about its products, including the Accused Products identified in paragraph 24 below.

24. ESI sells, offers for sale, makes, and/or uses within the United States and imports into the United States the following ESI products: EDGE, EDGEMAX, EDGE-LITE, EDGE-WALL, EDGE-SLAT, EDGE2, EDGE2MAX, EDGE2-MS, EDGE2-LITE, EDGE2-COMBO, EDGE-MAX-DUAL, EDGE2KIT, EDGE2LITE-KIT, EDGE2LVL-KIT, EDGE2LITELVL-KIT, EVOLVE1-F, EVOLVE1-M, EVOLVE1-FM, EVOLVE1-FF, EVOLVE28-FM, EVOLVE2-MS, EVOLVE2-FMS, EVOLVE2-FF, EVOLVE2-FM, EVOLVE2-FS, EVOLVE228-FM, EVOLVE3-FMS, EVOLVE3-FF, EVOLVE4-FF, EVOLVE4-FM, EVOLVE4-FMS, EVOLVE4-MS, EVOLVE6-FMS, EVOLVE6-FF, and EVOLVE-STUBBY (collectively, "the Accused Products"). Screenshots showing each of the Accused Products are attached hereto as **Exhibit K**.

25. Innovative's undersigned legal counsel have inspected a unit of the ESI EDGE2 product and have concluded that it infringes the Patents-in-Suit.

26. On information and belief, infringing components of the ESI EDGE2 product are included in the other Accused Products identified in paragraph 24 above.

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT NO. 6,505,988

27. Innovative realleges and incorporate herein as if set forth in full paragraphs 1-26 above.

28. ESI has directly infringed and is still directly infringing the '988 Patent by making, using, selling, and/or offering to sell within the United States and/or importing into the United States the following ESI products, which infringe one or more claims of the '988 Patent including, at a minimum, claim 48 of the '988 Patent: EDGE, EDGEMAX, EDGE-LITE, EDGE-WALL, EDGE-SLAT, EDGE2, EDGE2-LITE, EDGE2-COMBO, EDGE-MAX-

DUAL, EDGE2KIT, EDGE2LITE-KIT, EDGE2LVL-KIT, EDGE2LITELVL-KIT, EVOLVE1-F, EVOLVE1-M, EVOLVE1-FM, EVOLVE1-FF, EVOLVE28-FM, EVOLVE2-MS, EVOLVE2-FMS, EVOLVE2-FF, EVOLVE2-FM, EVOLVE228-FM, EVOLVE3-FMS, EVOLVE3-FF, EVOLVE4-FF, EVOLVE4-FM, EVOLVE6-FMS, EVOLVE6-FF, and EVOLVE-STUBBY, due to existence of each and every limitation of at least claim 48 of the '988 Patent in the tilter assembly of each of the ESI products identified in this paragraph.

29. ESI has actively induced and continues to actively induce the infringement of the '988 Patent by selling or providing the ESI products identified in paragraph 28 above to customers and providing training and/or instruction in their use, with knowledge of the '988 Patent and the specific intent of encouraging, aiding, or causing others to directly infringe the '988 Patent via their use, sale, and/or offer for sale.  The ESI Website provides and/or has provided product information, advertising, and an on-line purchasing facility for each of the ESI products identified in paragraph 28 above.

30. These infringements were and continue to be willful, deliberate, and intentional.

31. ESI's direct and indirect infringement of the '988 Patent has caused Innovative substantial harm.

## COUNT II
## INFRINGEMENT OF UNITED STATES PATENT NO. 6,955,328

32. Innovative realleges and incorporates herein as if set forth in full paragraphs 1-31.

33. ESI has directly infringed and is still directly infringing the '328 Patent by making, using, selling, and/or offering to sell within the United States and/or importing into the United States the following ESI products, which infringe one or more claims of the '328 Patent including, at a minimum, claim 1 of the '328 Patent: EDGE, EDGEMAX, EDGE2MAX, EDGE-LITE, EDGE-WALL, EDGE-SLAT, EDGE2, EDGE2-MS, EDGE2-LITE, EDGE2-

COMBO, EDGE-MAX-DUAL, EDGE2KIT, EDGE2LITE-KIT, EDGE2LVL-KIT, EDGE2LITELVL-KIT, EVOLVE1-M, EVOLVE1-FM, EVOLVE1-FF, EVOLVE28-FM, EVOLVE2-MS, EVOLVE2-FMS, EVOLVE2-FF, EVOLVE2-FM, EVOLVE2-FS, EVOLVE228-FM, EVOLVE3-FMS, EVOLVE3-FF, EVOLVE4-FF, EVOLVE4-FM, EVOLVE4-FMS, EVOLVE4-MS, EVOLVE6-FMS, and EVOLVE6-FF, due to existence of each and every limitation of at least claim 1 of the '328 Patent in the endcap assembly of each of the ESI products identified in this paragraph.

34. ESI has actively induced and continues to actively induce the infringement of the '328 Patent by selling or providing the ESI products identified in paragraph 33 above to customers and providing training and/or instruction in their use, with knowledge of the '328 Patent and the specific intent of encouraging, aiding, or causing others to directly infringe the '328 Patent via their use, sale, and/or offer for sale. The ESI Website provides and/or has provided product information, advertising, and an on-line purchasing facility for each of the ESI products identified in paragraph 33 above.

35. These infringements were and continue to be willful, deliberate, and intentional.

36. ESI's direct and indirect infringement of the '328 Patent has caused Innovative substantial harm.

**COUNT III**
**INFRINGEMENT OF UNITED STATES PATENT NO. 7,540,457**

37. Innovative realleges and incorporates herein as if set forth in full paragraphs 1-36.

38. ESI has directly infringed and is still directly infringing the '457 Patent by making, using, selling, and/or offering to sell within the United States and/or importing into the United States the following ESI products, which infringe one or more claims of the '457 Patent including, at a minimum, claim 12 of the '457 Patent: EDGE, EDGEMAX, EDGE2MAX,

EDGE-LITE, EDGE-WALL, EDGE-SLAT, EDGE2, EDGE2-MS, EDGE2-LITE, EDGE2-COMBO, EDGE-MAX-DUAL, EDGE2KIT, EDGE2LITE-KIT, EDGE2LVL-KIT, EDGE2LITELVL-KIT, EVOLVE1-M, EVOLVE1-FM, EVOLVE1-FF, EVOLVE28-FM, EVOLVE2-MS, EVOLVE2-FMS, EVOLVE2-FF, EVOLVE2-FM, EVOLVE2-FS, EVOLVE228-FM, EVOLVE3-FMS, EVOLVE3-FF, EVOLVE4-FF, EVOLVE4-FM, EVOLVE4-FMS, EVOLVE4-MS, EVOLVE6-FMS, and EVOLVE6-FF, due to existence of each and every limitation of at least claim 12 of the '457 Patent in the endcap assembly and lower channel apparatus of each of the ESI products identified in this paragraph.

39. ESI has actively induced and continues to actively induce the infringement of the '457 Patent by selling or providing the ESI products identified in paragraph 38 above to customers and providing training and/or instruction in their use, with knowledge of the '457 Patent and the specific intent of encouraging, aiding, or causing others to directly infringe the '457 Patent via their use, sale, and/or offer for sale. The ESI Website provides and/or has provided product information, advertising, and an on-line purchasing facility for each of the ESI products identified in paragraph 38 above.

40. These infringements were and continue to be willful, deliberate, and intentional.

41. ESI's direct and indirect infringement of the '457 Patent has caused Innovative substantial harm.

## PRAYER FOR RELIEF

WHEREFORE, Innovative respectfully requests that this Court enter a judgement in its favor as follows:

    a. Declaring that U.S. Patent No. 6,505,988 is valid and enforceable;

    b. Declaring that U.S. Patent No. 6,505,988 is infringed by the respective Accused Products;

      c. Declaring that U.S. Patent No. 6,955,328 is valid and enforceable;

      d. Declaring that U.S. Patent No. 6,955,328 is infringed by the respective Accused Products;

      e. Declaring that U.S. Patent No. 7,540,457 is valid and enforceable;

      f. Declaring that U.S. Patent No. 7,540,457 is infringed by the respective Accused Products;

      g. Declaring that ESI is ordered to pay damages to Innovative to compensate for its infringement of each of the Patents-in-Suit, including supplemental damages for any post-verdict infringement up until entry of the final judgment with an accounting as needed, together with pre-judgment and post-judgment interest on the damages awarded, with all of these damages to be enhanced in an amount up to treble the amount of the calculated compensatory damages as justified under 35 U.S.C. § 284;

      h. Declaring that ESI's infringement of the Patents-in-Suit was willful, and awarding treble damages under 35 U.S.C. § 284;

      i. Declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Innovative its reasonable attorney's fees, expenses, and costs in this action;

      j. Directing ESI to destroy or deliver to Innovative all documents, materials, and things, including but not limited to products, specialized tools and molds used exclusively to make any of the Accused Products or any component thereof, advertising and promotional materials, sales and marketing plans, and the like, which infringe the Patents-in-Suit, or otherwise violate Innovative's rights in the Patents-in-Suit; and

      k. Awarding Innovative such other and further relief as justice may require.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the 7th Amendment to the Constitution of the United States, Plaintiff Innovative Office Products, LLC hereby demands a trial by jury of all issues triable as of right by jury in the above action.

Respectfully submitted,

DESIGN IP, A PROFESSIONAL CORPORATION

Date:   January 11, 2016

_____
Damon A. Neagle (PA ID 90738)
Design IP, A Professional Corporation
5050 W. Tilghman Street, Suite 435
Allentown, PA 18104
phone:  610-395-4900 x 111
fax:  610-680-3312
e-mail:  damonneagle@designip.com

_____
James J. Aquilina (PA ID 200861)
Design IP, A Professional Corporation
5050 W. Tilghman Street, Suite 435
Allentown, PA 18104
phone:  610-395-4900 x 115
fax:  610-680-3312
e-mail:  jamesaquilina@designip.com

Attorneys for Plaintiff
Innovative Office Products, LLC